IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON ROSE, # B82344,       ) | |
| )  | |
| Plaintiff,          ) | |
| )  | |
| vs.                      ) | Case No. 13-cv-00810-MJR |
| )  | |
| MEARL JUSTUS,           ) | |
| OFFICER MIKE,           ) | |
| LEVY BRIDGES,           ) | |
| SGT. NICKOL,  and       ) | |
| SGT. BLACKBURN,         ) | |
| )  | |
| Defendants.     ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Aaron Rose, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement and incidents that occurred while Plaintiff was housed at the St. Clair County Jail.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal, albeit without prejudice.

## The Complaint

Plaintiff Rose was housed at the St. Clair County Jail from July 4, 2011 through June 20, 2013. He was a pretrial detainee during most of this time, but he remained in the jail for four or five days after his conviction and sentencing. Plaintiff describes living in filthy, insect and vermin infested quarters. He describes conditions including standing water, mold, foul

orders, and non-working toilets. He was repeatedly denied cleaning supplies, and his complaints and grievances were ignored. At one point, Plaintiff developed a rash that required medical treatment; he attributes the rash to the unsanitary conditions. Plaintiff further describes having to repeatedly sleep on the filthy floor due to overcrowding. He also asserts that he was attacked by other detainees as a consequence of overcrowding. The complaint also contains claims that Rose was denied out-of-cell recreation and access to the law library.

The complaint specifically describes correctional officers "Mike", Bridges, Nickol and Blackburn as personally denying Plaintiff's requests for cleaning supplies. Defendant Sheriff Mearl Justus (now deceased[1]) is described as ignoring the conditions of the jail, refusing to answer complaints and grievances, and having a policy and practice of turning a blind eye to complaints and grievances regarding the conditions of confinement. All defendants are sued in their individual capacities for compensatory damages.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Defendants Mearl Justus, Officer Mike, Levy Bridges, Sgt. Nickol and Sgt. Blackburn intentionally subjected Plaintiff to inhumane conditions of confinement (*in re* sanitation and overcrowding) in violation of the Fourteenth and Eighth Amendments;**
>
> **Count 2:** **Defendants Mearl Justus, Officer Mike, Levy Bridges, Sgt. Nickol and Sgt. Blackburn denied Plaintiff out-of-cell recreation in violation of the Fourteenth and Eighth Amendments; and**

---

[1] It is premature to delve into the impact of Justus's death. *See* FED.R.CIV.P. 25(a).

**Count 3:  Defendants Mearl Justus, Officer Mike, Levy Bridges, Sgt. Nickol and Sgt. Blackburn denied Plaintiff access to the law library in violation of the First Amendment.**

## Discussion

### Personal Involvement

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). However, "[s]upervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).

The complaint sufficiently alleges personal involvement by Defendants Officer Mike, Levy Bridges, Sgt. Nickol and Sgt. Blackburn, in that each is personally tied to an alleged constitutional violation. There is no such personal involvement alleged on the part of Sheriff Justus. However, there are allegations that it was Justus's policy for grievances and complaints about the conditions of confinement to be ignored—the "ostrich" approach. At this juncture that is sufficient to state a claim of individual liability as to Justus. With all of that said, the

complaint only links the individual defendants to the allegations underlying Count 1. Further discussion on this point will follow relative to Counts 2 and 3.

**Count 1**

Relevant to Plaintiff's conditions of confinement claims in Count1, the Fourteenth and Eighth Amendments prohibit subjecting pretrial detainees and those who have been convicted to cruel and unusual punishment. *Currie v. Cuhhabra*, __F.3d __, 2013 WL 4431243, *2 (Aug. 20, 2013). For the sake of convenience and because the protection afforded under both Amendments is virtually identical, the Court will refer to and cite case law relevant to the Eighth Amendment.

As the Supreme Court noted in *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), the Eighth Amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id*. (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183. Not all prison conditions trigger Eighth Amendment (or Fourteenth Amendment) scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes*, 452 U.S. at 346; *see also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988). However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or

exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

As pleaded the allegations regarding the lack of sanitation and overcrowding at the jail in Count 1 states a colorable constitutional claim against each named defendant.

**Count 2**

Count 2, regarding the denial of out-of-cell recreation, fails to state a colorable claim as pleaded. Although the denial of exercise can rise to the level of an Eighth Amendment or Fourteenth Amendment violation, the conclusory assertion in the complaint does not, by itself, state a viable claim. Although Federal Rule of Civil Procedure 8(a) does not require fact pleading, under *Twombly*, there must be more than a conclusory assertion; enough facts are needed to reasonably suggest a plausible claim.

The length of time one is denied exercise is typically determinative. *See Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir.1997) (70-day denial permissible); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir.1988) (28-day denial not deprivation); *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1089 (7th Cir.1986) (limited recreational activities sufficient, where average prison stay was ten days or less); *Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir.1986) (no deprivation where exercise was denied for 30 days, but then allowed one hour indoor exercise for next six months); *but see Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir.1996) (viable constitutional claim where prisoner denied recreational opportunities for seven weeks); *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (1989) (reversing summary judgment for prison officials where segregated prisoner was denied exercise for 101 days). There is no indication of how often or for how long Plaintiff was denied out-of-cell exercise. Nor is there a suggestion of physical harm from which one could infer a basis for a claim.

Furthermore, there is no indication of which defendant(s) denied Plaintiff exercise or, with respect to Sheriff Justus, that there was a policy, practice or custom regarding the denial of out-of-cell exercise.

For these reasons, Count 2 will be dismissed without prejudice.

**Count 3**

Count 3 pertains to the alleged denial of access to the jail law library in violation of the First Amendment, which guarantees the right to redress grievances. Such a claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a non-frivolous claim. *Lewis v. Casey,* 518 U.S. 343 (1996); *May v. Sheahan,* 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar,* 163 F.3d 430, 434 (7th Cir. 1998). An access claim is also stated when "denial of access to legal materials caused a potentially meritorious claim to fail." *Marshall v. Knight,* 445 F.3d 965 (7th Cir. 2006). The actual injury requirement is not waived even if systemic, continuous denials are alleged. *Ortiz v. Downey,* 561 F.3d 664 (7th Cir. 2009).

The complaint offers only the assertion that Plaintiff was denied access to the jail law library. There is no suggestion of which defendant was involved in this denial, or why access to the law library was necessary. Therefore Count 3 fails to state a plausible claim under the *Twombly* pleading standard. Count 3 will be dismissed without prejudice.

**Pending Motion**

Also before the Court is Plaintiff's motion for service of summons and the complaint at government expense (Doc. 4). Because Plaintiff was granted leave to proceed as a pauper (Doc. 5), and in accord with 28 U.S.C. § 1915(d), Plaintiff's motion (Doc. 4) shall be granted.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 2** and **3,** regarding the denial of out-of-cell exercise and access to the law library, fail to state a claim upon which relief can be granted, and thus are **DISMISSED without prejudice**. Count 1, Plaintiff's Eighth Amendment conditions of confinement claim regarding sanitation and overcrowding, shall proceed against Defendants Mearl Justus, Officer Mike, Levy Bridges, Sgt. Nickol and Sgt. Blackburn.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of summons and the complaint at government expense (Doc. 4) is **GRANTED**.

The Clerk of Court shall prepare for Defendants **MEARL JUSTUS**, **OFFICER MIKE**, **LEVY BRIDGES**, **SGT. NICKOL** and **SGT. BLACKBURN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk. With respect to the now deceased

Sheriff Mearl Justus, the Court anticipates that the St. Clair County Jail may reveal the address for his estate, if that information is known.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the

Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 1, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**